IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES DUFFY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER OF DETENTION<br><br>Case No. 2:22-CR-491-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Appeal of the Magistrate Judge's Order of Detention. The Court conducted a hearing on April 18, 2023, to hear argument from the parties. Following the hearing, the Court took the matter under advisement. For the reasons described herein, the Court affirms the Magistrate Judge's Order of Detention.

I. BACKGROUND

Defendant is charged as one of 11 defendants in an eight-count Indictment for a single count of Conspiracy to Distribute Methamphetamine in violation 21 U.S.C. §§ 841(a)(1) and 846.[1] Magistrate Judge Cecilia Romero conducted a detention hearing for Defendant on February 15, 2023, and ordered that defendant be detained pending resolution of the pending charge. On March 7, 2023, Defendant filed a Motion for Review of Detention Based upon Change of Circumstances.[2] The changed circumstances Defendant alleged is that he had been accepted into 7th Street Treatment, a drug rehabilitation program. The government opposed the Motion, arguing that Defendant's acceptance into the inpatient program, while new information,

---

[1] Docket No. 40.

[2] Docket No. 156.

was not material given the significant evidence proffered favoring detention. Magistrate Judge Romero agreed with the government and denied Defendant's Motion without conducting a hearing.[3] Defendant filed a Motion for Review of Detention by District Judge and Request for Hearing on April 11, 2023.[4] The Court conducted a hearing on April 18, 2023.

## II.     STANDARD OF REVIEW

The Court considers Defendant's request for a review of the Magistrate Judge's order of detention under 18 U.S.C. § 3145(b) and DUCrimR 57-16(a)(1). The Court conducts a de novo review of the detention issue giving no deference to the Magistrate Judge's findings or conclusions.[5] In so doing, the Court may elect to start from scratch and take evidence—whether or not new evidence is proffered—and also may incorporate the record of the proceedings conducted by the Magistrate Judge, including any exhibits.[6]

In making its determination, this Court, like the Magistrate Judge, is governed by the standards set forth in 18 U.S.C. § 3142. Under that statute, an accused is ordinarily entitled to pretrial release, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."[7]

In certain cases, however, the presumption shifts. Section 3142(e)(3)(A) dictates that, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of

---

[3] Docket No. 159.

[4] Docket No. 168.

[5] DUCrimR 57-16(a)(1) (providing for de novo review of detention orders); *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002); *see also United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (holding that district court's review under § 3145(a) is de novo).

[6] *Lutz*, 207 F. Supp. 2d at 1251.

[7] 18 U.S.C. § 3142(b), (c), and (e).

conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act."

In this case, Defendant is charged with conspiracy to distribute methamphetamine, punishable under 21 U.S.C. § 841(b)(1), which carries a maximum term of life imprisonment. The Indictment constitutes probable cause that Defendant participated in the acts alleged.[8] Therefore, detention is presumed.

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.[9]

As stated, the burden of persuasion remains with the government. The government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any other person or to the community by clear and convincing evidence.[10] To determine whether there are conditions of release that will reasonably assure the appearance of Defendant and the safety of any other person and the community, this Court considers the following factors:

> (1) The nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance . . . ;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

---

[8] *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).

[9] *Id.* at 1354–55.

[10] *Cisneros*, 328 F.3d at 616.

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .[11]

### III.   DISCUSSION

Defendant's Motion argues that the primary basis for his Motion for Review is his acceptance to 7th Street Treatment. Defendant states that he has previously been successful in and graduated from that program, and maintained sobriety for four and half years before relapsing due to difficulties associated with the Covid-19 Pandemic. Defendant maintains that he has a strong desire to return to sobriety. At the hearing Defendant discussed his period of sobriety at length, including his leadership role in his drug treatment community and the positive influence he had on individuals seeking sobriety, particularly young people. Defendant alleged that 7th Street Treatment moved him to the top of their list for inpatient treatment due to his success during his previous treatment there and his positive influence on others. Defendant also filed with the Court a number of letters from his family and others attesting to the Defendant's good character and positive influence.

Defendant has demonstrated that he did well in treatment, that he maintained his sobriety for a number of years, that he was a positive influence on others fighting drug addiction while he was in recovery, and that he has significant support from his family and members of his community. Based upon these representations, Defendant has met his burden of production to rebut the presumption of detention. Thus, the burden remains with the government to prove risk of flight or dangerousness. However, the presumption remains a factor. Considering the evidence here and the presumption, the Court will now analyze each of the § 3142(g) factors.

---

[11] 18 U.S.C. § 3142(g).

First, the Court considers the nature and circumstances of the offense charged, including whether the offense involves a controlled substance. Here, Defendant is charged with conduct related to participation in a drug trafficking organization that brought roughly 65 pounds of methamphetamines to Utah each month. Defendant is alleged to have purchased a quarter pound to a pound of methamphetamine on a regular basis in furtherance of this drug trafficking organization's efforts. Although Defendant is alleged to be a lower-level distributor in the underlying conspiracy, the government alleges that the Defendant will face a lengthy prison sentence if convicted. Specifically, the government proffered that the charged offense includes a mandatory minimum of 10 years' imprisonment, and, due to his criminal history, defendant's guideline range would start at 168 months, with a reduction for acceptance of responsibility, and 235 months without acceptance of responsibility.

Further, the government argued that Defendant was aware of the charging Indictment but made efforts to evade arrest for roughly two months before being apprehended. The government proffered that Defendant was aware that law enforcement officers searched Defendant's parent's home, where Defendant was staying, and found drug paraphernalia. Sometime following the search, law enforcement officers attempted to locate Defendant in numerous locations they had reason to believe he was staying. Officers also told Defendant's parents, who were in touch with Defendant, to tell Defendant that federal agents were looking for him and it would be in his best interests for Defendant to contact them and arrange for self surrender. Despite these efforts, Defendant was not arrested until about two months after the warrant was issued. The government also proffered that, during his arrest, Defendant stated that he knew federal agents were looking for him and was avoiding them because he believed that the Federal government did not release people on bail.

At the hearing, Defendant denied that he was evading law enforcement and argued that law enforcement's inability to find him does not prove that he was avoiding them. He noted that he never left the State or attempted to flee and alleged that he was not aware federal agents were looking for him. Instead, Defendant alleged that he believed he could be arrested on State charges and was checking the State court filing system regularly to see if a warrant was out for his arrest, but never saw one. He denies he made any comments about knowing that federal agents were looking for him during his arrest. Considering the length of the prison sentence Defendant faces if convicted, the nature of the charged offense, and the length of time federal agents were looking for Defendant, the Court finds this factor weighs in favor of detention.

Second, the Court considers the weight of the evidence. The Indictment provides probable cause that Defendant committed the charged offense. Further, the evidence proffered by the government supports that: Defendant was heard on a wiretap requesting significant amounts of methamphetamine and, based on those calls, Defendant is suspected of distributing about four pounds of methamphetamine from October 9 to November 30; Defendant was observed by law enforcement participating in what was believed to be a drug transaction; and one co-defendant testified to delivering half of a pound of methamphetamine to Defendant. Further, the government proffered that law enforcement officers searched the Defendant's home where Defendant stayed and is alleged to have received methamphetamine deliveries. During that search officers found drug paraphernalia, including clear vacuum sealed bags consistent with those used by the drug trafficking organization with residue inside that appeared to be methamphetamine. Defendant argues that he was never found in possession of any illegal substances and that the government's basis for believing Defendant was directly involved with such large quantities of methamphetamine is based on a possibly incorrect interpretation of a

6

code-word for pound. Based on the Indictment and the evidence proffered by the government, the Court finds that this factor weighs in favor of detention.

Third, the Court considers the history and characteristics of the person. Defendant appears to have strong ties to Utah. He has lived here since 2002 and he has significant family and community support in Utah. Defendant thinks that, if released, he will be able to work as a landscaper for a neighbor's company following inpatient treatment. However, Defendant has not had a consistent work history and was not employed for the two years leading up to his arrest. Defendant also has an extensive criminal record, much of which is drug related. The government alleges that Defendant had 19 criminal convictions from 2013 to 2018; and, during that time, 34 warrants were issued for the Defendant's arrest for his failure to appear or comply with other court orders.[12] The government also proffered that, at the time of his first detention hearing, Defendant had two State warrants for interlock ignition violations, related to a State DUI charge.

Defendant also has a history of significant drug use and addiction. However, as discussed, Defendant successfully participated in a drug treatment program in 2017, maintained sobriety for several years, and was a positive role model, leader, and influence for others during this time. Defendant represented that, during his sobriety, he founded the Draper chapter of Young People in Recovery, which was successful. Defendant also has the help of his family. Although the Court appreciates that Defendant maintained sobriety for a number of years, supported his community during that time, and has significant family support, the Court finds that this factor weighs in favor of detention due to the Defendant's lengthy criminal history, his association with illegal substances throughout his life, including his admitted use in the months leading up to his arrest, and his numerous failures to comply with court orders.

---

[12] Docket No. 158, at 7.

Finally, the Court considers the nature and seriousness of the danger to any person or the community that would be posed by the person's release. For reasons set forth above regarding Defendant's drug distribution allegations and significant criminal history, the Court finds that this factor also weighs in favor of detention.

Based on the Court's consideration of the each of the above factors, the Court finds that the government has met its burden in proving by a preponderance of the evidence that Defendant poses a risk of flight and in proving that the defendant poses a danger to the community by clear and convincing evidence. The Court will therefore affirm the Magistrate Judge's Order of Detention.

## IV.   CONCLUSION

It is therefore

ORDERED that the Magistrate Judge's Order of Detention (Docket No. 151) is AFFIRMED. It is further

ORDERED that the Motion for Detention (Docket No. 144) is GRANTED.

DATED this 20th day of April, 2023.

BY THE COURT:

_____
Ted Stewart
United States District Judge