IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JAMES DUFFY, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER OF DETENTION <br><br> Case No. 2:22-CR-491-TS <br><br> District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Reopen Detention[1] and Amended Motion for Detention Review.[2] The Court conducted a hearing on the Motions on February 7, 2024, to hear argument from the parties. Following the hearing, the Court took the matter under advisement. For the reasons described herein, the Court affirms the Magistrate Judge's Order of Detention.

I. BACKGROUND

Defendant is charged as one of 11 defendants in an eight-count Indictment for a single count of Conspiracy to Distribute Methamphetamine in violation 21 U.S.C. §§ 841(a)(1) and 846.[3] Magistrate Judge Cecilia Romero conducted a detention hearing for Defendant on February 15, 2023, and ordered that defendant be detained pending resolution of the pending charge. On March 7, 2023, Defendant first filed a Motion for Review of Detention Based upon

---

[1] Docket No. 232.
[2] Docket No. 236.
[3] Docket No. 40.

Change of Circumstances.[4] Magistrate Judge Romero denied Defendant's Motion without conducting a hearing.[5] Defendant filed a Motion for Review of Detention by District Judge and Request for Hearing on April 11, 2023.[6] The Court conducted a hearing on April 18, 2023, and affirmed the Magistrate Judge's order of detention in a written order on April 20, 2023. On December 21, 2023, Defendant filed a pro se Motion to Reopen Detention alleging many of the same facts that the Court had previously considered in its April 20th Order. Defendant's counsel filed an Amended Motion for Detention Review on January 9, 2024.

In support of release, the Amended Motion alleges that, since his previous detention hearing before this Court, Defendant has completed 19 online classes in subject areas including substance abuse, anger management, cognitive awareness, public safety, and education. Defendant argues that "these rehabilitative measures indicate[] that he is willing and capable of complying with release conditions that would assure both his appearance in court and the safety of the community."[7] Defendant suggests conditions such as involvement in substance abuse treatment, drug testing, location monitoring, regular reporting to pretrial services, and surrendering his passport would reasonably assure his appearance at future proceedings and the safety of the community.

## II. DISCUSSION

A. *Reopening Detention*

18 U.S.C. § 3142(f)(2)(B) provides that the Court may reopen the issue of detention "if the judicial officer finds that information exists [1] that was not known to the movant at the time

---

[4] Docket No. 156.
[5] Docket No. 159.
[6] Docket No. 168.
[7] Docket No. 236, at 2.

of the hearing and [2] that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

The Court first finds that information regarding Defendant's 19 completed classes was not known at the time of the April 18th hearing. As to the second factor, the Court is not convinced that the completion of 19 online classes, while commendable, has a material bearing to any of the factors outlined in 18 U.S.C. § 3142(g) and described below. However, as discussed in the following section, even if the Court found Defendant's class completions to be material, the Court finds consideration of the 18 U.S.C. § 3142(g) ultimately requires the Defendant's detention.

B. Detention Determination

In making a detention determination, this Court is governed by the standards set forth in 18 U.S.C. § 3142. Under that statute, an accused is ordinarily entitled to pretrial release, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community."[8]

In certain cases, however, the presumption shifts. Section 3142(e)(3)(A) dictates that, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more as prescribed in the Controlled Substances Act."

---

[8] 18 U.S.C. § 3142(b), (c), and (e).

In this case, Defendant is charged with conspiracy to distribute methamphetamine, punishable under 21 U.S.C. § 841(b)(1), which, for Defendant's specific charges, carries a maximum term of life imprisonment. The Indictment constitutes probable cause that Defendant participated in the acts alleged.[9] Therefore, detention is presumed.

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.[10]

As stated, the burden of persuasion remains with the government. The government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or to the community by clear and convincing evidence.[11] To determine whether there are conditions of release that will reasonably assure the appearance of Defendant and the safety of any other person and the community, this Court considers the following factors:

> (1) The nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance . . . ;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .[12]

---

[9] *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).

[10] *Id.* at 1354–55.

[11] *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

[12] 18 U.S.C. § 3142(g).

Defendant alleges that he has previously been successful in a drug treatment program and could receive treatment at the same program if released due to his previous success and strong community in that program. Defendant further alleges that he has a strong desire to maintain his recently obtained sobriety, that he has a very supportive family who will support his recovery upon his release, and that he continues to make rehabilitative efforts by taking classes while incarcerated. Finally, as discussed, Defendant alleges that there are numerous conditions that will assure he will not pose a danger to society or flee.

As the Court held previously, Defendant has met his burden of production to rebut the presumption of detention. Thus, the burden remains with the government to prove risk of flight or dangerousness. However, the presumption remains a factor. The Court will next analyze each of the § 3142(g) factors in light of the presumption and the evidence and arguments before the Court.

First, the Court considers the nature and circumstances of the offense charged, including whether the offense involves a controlled substance. Here, Defendant is charged with conduct related to participation in a drug trafficking organization that was bringing roughly 65 pounds of methamphetamines to Utah each month. The allegations against Defendant support that Defendant dealt in low amounts of methamphetamine as compared to his codefendants, and was otherwise a low-level player in the alleged conspiracy. However, the government alleges that the Defendant is facing a mandatory minimum of 10 years' imprisonment and up to life. Further, the government proffered that Defendant made efforts to evade his arrest for roughly two months before being apprehended for the instant offense. Based on the underlying crime, the length of the prison sentence, and Defendant's efforts to avoid arrest, the Court finds that this factor weighs in favor of detention.

Second, the Court considers the weight of the evidence. The Indictment provides probable cause that Defendant committed the charged offense. Considering the information provided in the Indictment and the evidence proffered by the government at the hearing, the Court finds that this factor also weighs in favor of detention.

Third, the Court considers the history and characteristics of the person. Weighing against detention, Defendant appears to have strong ties to and a strong community in Utah. He also proffered and presented evidence that he has been a good role model to others, especially the youth in his community, during previous periods of sobriety. Defendant has maintained his sobriety while incarcerated and has made significant efforts toward rehabilitation by taking numerous classes related to self-improvement, drug addiction, and his education generally. Defendant also expresses a desire to continue his efforts to assist others in their efforts to overcome drug addiction.

Weighing in favor of detention, Defendant has not had a consistent work history and was not employed for the two years leading up to his arrest. Defendant also has an extensive criminal record, much of which is drug related. The government alleges that Defendant had 19 criminal convictions from 2013 to 2018 and, during that same time period, 34 warrants were issued for the Defendant's arrest for his failure to appear or comply with other court orders.[13] As discussed, the government also proffered that Defendant evaded law enforcement for a number of months before his arrest for the instant offense.

Defendant acknowledges that he has a history of drug use and addiction. However, Defendant obtained sobriety in 2017 through the help of a drug treatment program, and remained sober through 2022. During this time Defendant made positive contributions to his community;

---

[13] Docket No. 158, at 7.

however, he relapsed during the Covid-19 pandemic and began using again up to the time of his arrest for the instant offense. Defendant has expressed a seemingly sincere desire to maintain his sobriety and help others do the same. Despite the commendable efforts Defendant has made regarding his sobriety and rehabilitation, the Court finds that Defendant's extensive criminal history and efforts to evade law enforcement cause this factor to weight in favor of detention.

Finally, the Court considers the nature and seriousness of the danger to any person or the community that would be posed by the person's release. For reasons set forth above regarding Defendant's drug distribution allegations, significant criminal history, and efforts to evade law enforcement, the Court finds this factor also weighs in favor of detention.

Based on the Court's consideration of the each of the above factors, the Court finds that the government has met its burden in proving by a preponderance of the evidence that Defendant poses a risk of flight and in proving that the defendant poses a danger to the community by clear and convincing evidence. The Court will therefore, once again, affirm the Magistrate Judge's Order of Detention.

## III. CONCLUSION

It is therefore

ORDERED that the Magistrate Judge's Order of Detention (Docket No. 151) is AFFIRMED. It is further

ORDERED that Defendant's Pro Se and Amended Motion to Review of Detention (Docket Nos. 232, 236) is DENIED.

It is further

ORDERED that the Motion for Detention (Docket No. 144) is GRANTED.

DATED this 8th day of February, 2024.

                                           BY THE COURT:

                                           _____
                                           Ted Stewart
                                           United States District Judge